2011 MAY -9  PM 2: 58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATTA REBATI MOHAN,<br><br>                                    Petitioner,<br><br>vs.<br><br>ERIC HOLDER, Attorney General,<br><br>                                    Respondent. | Civil No.    11-0956 BEN (MDD)<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, AND (2) DENYING MOTION TO APPOINT COUNSEL**<br><br>**[Docket Nos. 2, 3]** |

Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner alleges his constitutional rights have been violated because Petitioner has been detained for more than six months since the issuance of his final order of removal.  Petitioner also filed a motion for leave to proceed informa pauperis ("IFP") and a motion for the appointment of counsel. (Docket Nos. 2, 3.)  For the reasons set forth below, the Court GRANTS the IFP motion and DENIES the motion to appoint counsel.

## I.  Motion for IFP Status

Petitioner's IFP motion reflects a zero dollar trust account balance.  Petitioner also is not employed, nor does he have any bank accounts.  Petitioner cannot afford the $5.00 filing fee. Accordingly, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being

1    required to prepay fees or costs and without being required to post security.  The Clerk of the

2    Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

3    **II. Motion for Appointment of Counsel**

4         The Court may appoint counsel for habeas petitioners if "the interests of justice so

5    require." 18 U.S.C. § 3006A(a)(2)(B).  Unless an evidentiary hearing is required, appointment

6    of counsel under 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona*

7    *v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990).  In determining whether to appoint

8    counsel, the Court evaluates the likelihood of success on the merits and the ability of the

9    petitioner to articulate his claims in light of the complexity of the legal issues involved. *See*

10   *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

11        Analyzed under *Weygandt*, Petitioner's motion for appointment of counsel should be

12   denied because his Petition is not complex and does not require an evidentiary hearing.

13   Petitioner has competently raised the relevant legal issues and his inability to pay private counsel

14   is not sufficient to warrant the appointment of counsel. *See Wood v. Housewright*, 900 F.2d

15   1332, 1335-36 (difficulties that any litigant would have in proceeding pro se are not exceptional

16   factors or circumstances warranting appointment of counsel).  Accordingly, Petitioner's motion

17   for appointment of counsel is **DENIED.**

18   **IT IS SO ORDERED.**

19   Date: May ___, 2011

20                                                      Hon. Roger T. Benitez
                                                        United States District Court Judge

21

22

23

24

25

26

27

28

11cv0956