

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DATTA REBATI MOHAN, <br><br> Petitioner, <br><br> vs. <br><br> ERIC HOLDER, Attorney General, <br><br> Respondent. | CASE NO. 11-CV-956 BEN (MDD) <br><br> **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** |

Presently before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Petition is **DENIED**.

## BACKGROUND

Petitioner Datta Rebati Mohan is a native and citizen of Bangladesh. (Return, Exh. A.) On August 27, 2010, Border Patrol agents detained Petitioner near Calexico, California. (*Id.*) On September 29, 2010, U.S. Citizenship and Immigration Services issued a Notice to Appear alleging that Petitioner entered the United States at or near the Calexico Port of Entry without a valid entry document and was removable pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). (*Id.*, Exh. B.) The Notice to Appear was subsequently amended to allege that Petitioner entered the United States at a time and place other than a designated port of entry, and charged him with removability under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*, Exh. C.)

On January 24, 2011, Petitioner had a bond hearing at which the Immigration Judge ("IJ") set

bond at $15,000. (*Id.*, Exh. D.) Petitioner appealed the bond order to the Board of Immigration Appeals ("BIA"), which affirmed the order on April 8, 2011. (*Id.*, Exh. E.) On February 4 and February 18, 2011, Immigration and Customs Enforcement ("ICE") denied two requests by Petitioner to release him and lower his bond. (*Id.*, Exh. F.)

During this time, Petitioner had an individual hearing before an IJ on March 30, 2011 to adjudicate his applications for relief from removal. (*Id.*, Exh. G.) The IJ denied his applications for relief, and ordered him removed to Bangladesh. (*Id.*, Exh. H.) On April 12, 2011, Petitioner filed an administrative appeal of the IJ's removal order, which is pending at the BIA. (*Id.*, Exh. I.)

Petitioner brought the present petition for habeas corpus on May 2, 2011. (Docket No. 1.) On June 17, 2011, Respondent filed a Return in opposition to the Petition. (Docket No. 8.) Petitioner did not properly file a traverse.[1]

## DISCUSSION

Petitioner alleges that he is being detained "indefinitely" in violation of the Due Process Clause of the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001). He alleges that this detention violates 8 U.S.C. § 1231, as he has been detained for over six months since his final removal order and there is not a significant likelihood that his removal will occur in the reasonably foreseeable future.

Petitioner is not being detained pursuant to 8 U.S.C. § 1231, as someone who is subject to a final order of removal and is awaiting repatriation. Petitioner is not subject to a final order of removal because his administrative appeal of the IJ's order of removal is pending at the BIA. See 8 U.S.C. § 1101(a)(47)(B)(i) (an IJ's order of removal becomes "final" upon "a determination by the Board of Immigration Appeals affirming such order"). Rather, Petitioner is being discretionarily detained pursuant to 8 U.S.C. § 1226(a), as someone who is awaiting a decision on his removal and has been granted a $15,000 bond.

In addition, this action does not implicate the due process concerns addressed in *Zadvydas*. In that case, Zadvydas was stateless and both countries to which he could have been deported refused

---

[1] Petitioner prematurely attempted to file a traverse on June 15, 2011, before Respondent had filed a return. (See Docket No. 7.) This document was rejected by the Court. Petitioner did not attempt to file another traverse after Respondent had filed the Return.

to accept him because he was not a citizen. *Zadvydas*, 533 U.S. at 684. The deportation of the other petitioner in that case, Ma, was prevented because there was no repatriation agreement between the United States and Cambodia. *Id.* at 686. The Supreme Court found that 8 U.S.C. § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Id.* at 689. *Zadvydas* is inapplicable to the present action, as Petitioner is not subject to a final order of removal and is not indefinitely detained due to a lack of a repatriation agreement with Bangladesh.

In addition, Petitioner has been afforded due process. If ICE provides a petitioner with an IJ bond hearing, or otherwise provides a petitioner with the relief requested in a pending habeas petition, the petition may be dismissed because the petitioner has been awarded the process to which he is entitled. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 & n.3 (9th Cir. 2008) (dismissing as moot a portion of a habeas petition which challenged detention without bond upon the granting of a bond hearing); *Singh v. Chertoff*, No. CV-07-0380-FVS, 2009 WL 211894, at *4 (E.D. Wash. Jan. 13, 2009) (finding that because the petitioner received a bond hearing by an IJ, his petition was moot even though he was not released). Here, Petitioner received a bond hearing before an IJ, and has been granted a $15,000 bond. He is not entitled to further relief.

## CONCLUSION

For the reasons set forth above, the Petition is **DENIED**. The Clerk is directed to close the file in this case.

**IT IS SO ORDERED.**

DATED: November __, 2011

HON. ROGER T. BENITEZ
United States District Court Judge

- 3 -

11cv956